THE STATE, EDWARD KELLOGG, prosecutor, *vs.* HENRY FISCHER et al.

An assessment of damages made by surveyors of highways in laying out a road, awarding $200 to A B and C D, without saying how much is assessed to each of them, is bad, unless it appear by the return that they owned the land as joint tenants or tenants in common.

Argued at June Term, 1856, before Justices ELMER, POTTS, and VREDENBURGH; *Grover*, for the prosecutor, *Chetwood, contra.*

The opinion of the court was delivered by

POTTS, J. One of the reasons for setting aside the return of the surveyors in this case is, that the said surveyors assessed $200 as the damages to be paid to Messrs. J. & J. W. Meeks, without saying how much was assessed to each of them, or whether they are joint tenants or tenants in common of the land taken for the road. This is error. It was held, in *The State* v. *Oliver et al.,* 4 *Zab.* 129, that an assessment of damages to A B and others is bad; it ought to specify the names of all the persons whose lands are taken, and the amount assessed to each owner. The fact probably is, that J. & J. W. Meeks claimed to be joint tenants or tenants in common of the land; but, if so, it should have been made to appear by the return. This error is fatal to the return; for, until the damages are legally assessed, and the rights of the land owners and the liabil-

ity of the township fixed, there is no authority to open the road.

As the return must be set aside for this cause, it is unnecessary to notice the other reasons assigned.

Return set aside.

CITED *in State* v. *Mayor, &c., of Orange,* 3 *Vr.* 53; *State* v. *Blauvelt,* 4 *Vr.* 37; *State* v. *Woodruff,* 7 *Vr.* 205; *State* v. *Pierson,* 8 *Vr.* 368.